UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROSE COLEMAN, BESSIE GEE, FRANCES HEAD, BARBARA KLINE-JONES, BETTY ONDO, BERTHA POSEY, ANNETTE ROBBINS, YOLANDA MORRIS,<br>    Plaintiffs,<br><br>v.<br><br>THE MAJESTIC STAR CASINO, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 2:11-CV-391-PPS-PRC<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for More Definite Statement [DE 15], filed by Defendant The Majestic Star Casino, LLC on March 6, 2012. Plaintiffs Rose Coleman, Bessie Gee, Frances Head, Barbara Kline-Jones, Betty Ondo, Bertha Posey, Annette Robbins, and Yolanda Morris filed a response on March 20, 2012. On March 30, 2012, Defendant filed a reply. For the following reasons, the Court grants in part and denies in part Defendant's motion.

On October 26, 2011, Plaintiffs filed a Complaint against Defendant, alleging numerous claims, including age, race, and disability discrimination. In the instant Motion, Defendant argues that the facts alleged are too vague and ambiguous to ascertain the claims asserted against Defendant and to allow Defendant to reasonably prepare a response. Defendant requests that the Court require Plaintiffs to file a more definite statement of the claims asserted by each Plaintiff individually against Defendant.

1

## ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).  In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements.  Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored.  *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.") (quotations omitted).

Rule 12(e) motions should not be used as a substitution for discovery.  *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, *6 (N.D. Ind. Sept. 28, 2011) (citing *MacNeil*, 715 F. Supp. 2d at 790).  However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties.  *See Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (granting a Rule 12(e) motion when the court was unable to ascertain which of the plaintiff's claims applied to each individual defendant, giving the defendants deficient notice of the allegations against them); *see also Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) (reversing the district court's dismissal of plaintiff's Title VII and ADEA claims and noting that the defendant could have requested a more

definite statement under Rule 12(e) if the defendant required more information about the plaintiff's allegations).

In its opening brief, Defendant argues that the allegations with respect to each individual plaintiff are so vague that it is unclear what claims are being asserted by each Plaintiff. In its reply brief, Defendant acknowledges that a fair reading of Plaintiffs' Complaint yields ascertainable claims for age and race discrimination. Indeed, the Complaint adequately sets forth claims of age, race, and sex discrimination as to those plaintiffs asserting those claims. Therefore, the Court denies the Motion for More Definite Statement as to Plaintiffs' claims of age, race, and sex discrimination.

However, Defendant continues to assert that the Complaint is vague as to allegations of disability discrimination, unequal pay, hostile work environment, and failure to promote as to certain Plaintiffs. As to these remaining arguments, the Court finds that Defendant's Motion for a more definite statement is not the impermissible type designed to conduct premature discovery, nor is it intended to impermissibly elicit more facts from Plaintiffs. Rather, Defendant is attempting to ascertain which facts and claims are being raised by each individual Plaintiff. This is similar to the problem cured by a Rule 12(e) motion in *Collins*, wherein the court required a more definite statement when the plaintiff's complaint was vague as to which claims were being raised against the specific individual defendants in that case. *Collins*, 2006 WL 3627639, at *4.

The Court addresses each of Defendant's remaining arguments in turn.

### A. Disability Discrimination

As an initial matter, Defendant argues that it is unclear whether the allegations of disability discrimination made in paragraph 64 of the Complaint apply to all Plaintiffs. Paragraph 64 provides: "The Plaintiffs were subject to age discrimination, race discrimination, and disability

3

discrimination." Compl., ¶ 64. However, other than paragraph 64, the only other allegations in the Complaint of disability or disability discrimination are made by or about Rose Coleman. Nevertheless, because paragraph 64 suggests that all Plaintiffs were subject to disability discrimination, which appears to be in conflict with the remainder of the Complaint, the Court grants the Motion for More Definite Statement as to this issue and orders that the Amended Complaint clarify which Plaintiffs are bringing the claim of disability discrimination.

### B.  Count I: Rose Coleman

Defendant argues that it is unclear whether Plaintiff Coleman's references to the Family Medical Leave Act ("FMLA") in paragraphs 70, 74, and 75 of the Complaint intend to state a claim under the FMLA or whether those allegations are made in support of her claims of discrimination. The Court agrees with Defendant and grants the Motion for More Definite Statement as to this issue. The Court orders that the Amended Complaint clarify whether Plaintiff Coleman is bringing a claim under the FMLA.

### C.  Count II: Bertha Posey, Frances Head, and Bessie Gee

Defendant acknowledges that Plaintiffs Posey, Head, and Gee raise claims of age, race, and gender discrimination. However, Defendant argues that is unclear whether Plaintiffs are also alleging separate claims of hostile work environment or whether the allegations of hostile work environment serve as a factual basis for the disparate treatment claims. Defendant cites Paragraphs 102 and 110 in support. In paragraph 102, these Plaintiffs allege "[t]hat Majestic created a hostile work environment for Ms. Posey, Ms. Head and Ms. Gee by making it well known that it wanted younger employees and not Ms. Posey, Ms. Head and Ms. Gee." Compl., ¶ 102. In paragraph 110, these Plaintiffs allege that "Majestic's policies allowed management who did not like the appearance

4

of older women, or African-American women to create a hostile environment based on individuals[sic] race, age and gender." Compl., ¶ 110.

The Court finds that, based on the final two paragraphs of Count II, Plaintiffs Posey, Head, and Gee are alleging claims of discrimination as well as claims of hostile work environment. Paragraph 109 alleges the claims of discrimination: "That Majestic discriminated against Ms. Posey, Ms. Head and Ms. Gee on the basis of their age, race and gender." Compl., ¶ 109. Separately, Paragraph 110 alleges the hostile work environment claims: "That Majestic's policies allowed management who did not like the appearance of older women, or African-American women to create a hostile environment based on individuals[sic] race, age and gender." Compl., ¶ 110. Therefore, the Court denies the Motion for More Definite Statement on this issue.

Defendant also argues that "Count II references the elimination of the Plaintiffs' positions, as well as their attempts (or lack thereof) to seek other employment with Majestic Star, and other facts that may or may not be alleged to assert a cause of action. In any event, Majestic Star is unable to determine the nature of the claims alleged in Count II." Defendant does not suggest what other claims Plaintiff could potentially be alleging other than the claims of discrimination and hostile work environment alleged in Paragraphs 109 and 110. The other allegations in Count II are offered in support of these claims. The Court denies the Motion for Definite Statement as to this second argument regarding Count II. These issues will be fleshed out through discovery.

### D.  Count III: Barbara Kline-Jones

Defendant argues that it is unclear whether Plaintiff Kline-Jones' allegations of unequal pay, denial of overtime, and having to work through break periods assert a separate cause of action under federal or state wage and hour laws or are being used as evidence for the claims of disparate

5

treatment. It appears to the Court that these allegations are made in support of Plaintiff Kline-Jones' discrimination and retaliation claims and are not separate causes of action under federal or state wage and hour laws. However, out of an abundance of caution, the Court grants the Motion for More Definite Statement as to this issue regarding Ms. Kline-Jones and orders that, if Plaintiff Kline-Jones is asserting claims under federal or state wage and hour laws, the Amended Complaint shall specifically state so.

### E.  Count IV: Betty Ondo

Defendant argues that it is unclear to what extent Plaintiff Ondo is raising separate claims of a hostile work environment and unequal pay or whether she is offering these allegations as evidence of claims of disparate treatment. Paragraph 139 in Count IV provides: "That Ms. Ondo was subjected to a hostile work environment," Compl., ¶ 139, and then goes on to describe incidents of sexual harassment. The Court finds that a more definite statement as to her allegations regarding a sexually hostile work environment is not required. However, it is unclear whether she is alleging hostile work environment on any other basis. Therefore, the Court grants the Motion for More Definite Statement as to Plaintiff Ondo's claim of hostile work environment and orders that, if Plaintiff Ondo is alleging a hostile work environment based on any other impermissible basis, the Court orders her to clarify any such claims in the Amended Complaint.

As for Plaintiff Ondo's allegation of "unequal pay," the Court agrees that there is no context either in paragraph 5 describing Plaintiff Ondo as a party or in Count IV for the allegation in paragraph 150, which provides: "That Majestic paid Ms. Ondo unequal pay." Therefore, the Court grants the Motion for More Definite Statement as to Plaintiff Ondo's allegation that Majestic paid

her unequal pay and orders that, if she is bringing a separate claim for unequal pay under federal or state wage and hour laws, the Amended Complaint shall specifically state so.

### F.  Count V: Annette Robbins

Defendant first argues that it is unable to identify Plaintiff Robbins's discrimination claims because she first alleges that she "was terminated" (paragraph 159) and later alleges that "Majestic failed to promote Mrs. Robbins" (paragraph 161) without identifying what position she was not promoted to and when.  In the conclusion of the Count V paragraph, Plaintiff Robbins alleges that "Majestic failed to promote Mrs. Robbins and discriminated against her based on her age and gender."  Compl., ¶ 161 (emphasis added).  It appears that Plaintiff Robbins is alleging claims based on both failure to promote and termination.  However, it is not clear what promotion she did not receive and when the alleged failure to promote occurred.  The Court grants the Motion for More Definite Statement in this respect and orders that the Amended Complaint clarify what promotion Plaintiff Robbins did not receive and when the alleged failure to promote occurred.

Like Plaintiff Ondo, Plaintiff Robbins alleges in the final paragraph of Count V that "Majestic paid Mrs. Robbins unequal pay."  Compl., ¶ 162.  Also like Plaintiff Ondo, there is no context for this allegation to determine whether this is a separate claim.  Therefore, the Court grants the Motion for More Definite Statement and orders that, if Plaintiff Robbins is bringing a separate claim for unequal pay under federal or state wage and hour laws, the Amended Complaint shall specifically state so.

### G.  Count VI: Yolanda Morris

Defendant argues that it is unclear whether Plaintiff Morris' allegations of unequal pay are meant to serve as a separate claim or as evidence for her claims of age, race, and gender

7

discrimination claims. The following relevant paragraphs are found in Count VI brought by Plaintiff Morris:

> 167. That Chris Corrado told Ms. Morris that she was overpaid.
> . . .
> 176. That Majestic renamed Ms. Morris' position, and re-titled it to Database Analyst.
> 177. That the position was re-titled while Ms. Morris performed her duties.
> 178. That Majestic did not offer the re-titled position to Ms. Morris.
> 179. That Majestic treated Ms. Morris as inferior and treated her differently based on her age, race and gender.
> 180. That with the new re-titled position, Majestic paid the individual substantially more than what Ms. Morris was making.
> 181. That the new individual hired in the re-titled position, was white and possibly under 40.
> 182. That Majestic discriminated against Ms. Morris by failing to promote her based on her race, age and gender.
> . . .
> 187. That Majestic discriminated against Ms. Morris by failing to give her equal pay in addition to the hostile work environment and other discrimination.
> 188. That Majestic created a chilling effect by indicating to her that she was overpaid and isolating her.
> 189. That white employees were treated better than Ms. Morris.

Compl., ¶¶ 167, 176-183, 187-189. From these allegations, it appears to the Court that Plaintiff Morris' allegations regarding unequal pay are offered in support of her discrimination claims. However, if Plaintiff Morris is bringing a separate claim for unequal pay under federal or state wage and hour laws, the Amended Complaint shall specifically state so. To this extent, the Court grants the Motion for More Definite Statement.

Defendant also argues that it is unable to ascertain what claims are being asserted by the allegations in Paragraphs 180 and 181, set forth above. It appears that these are allegations in support of her claim of discrimination based on race and age. If these allegations are intended to support a different claim, the Court orders that Plaintiff Morris clarify the allegations in the Amended Complaint. To this extent the Court grants the Motion for More Definite Statement.

## CONCLUSION

Accordingly, the Court hereby **GRANTS in part and DENIES in part** Defendants' Motion for a More Definite Statement [DE 15] and **ORDERS** Plaintiffs to file an Amended Complaint, including a more definite statement as to the claims brought by each Plaintiff as set forth in this Opinion and Order, on or before **May 7, 2012**.

SO ORDERED this 24th day of April, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record